**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DONALD MACK DOVE,**

       **Petitioner,**

  **v.**
                 **9:12-CV-0835**
                 **(MAD)**

**WILLIAM LEE,**

       **Respondent.**

---

**APPEARANCES:**       **OF COUNSEL:**

**DONALD MACK DOVE**
**10-B-0378**
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Petitioner *pro se*

**HON. ERIC T. SCHNEIDERMAN**   **ALYSON J. GILL, AAG**
New York State Attorney General
120 Broadway
New York, New York 10271
Attorneys for Respondent

**MAE A. D'AGOSTINO**
**United States District Judge**

## DECISION and ORDER

### I. INTRODUCTION

   Petitioner Donald Mack Dove has filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. Dkt. No. 1. Petitioner challenges a 2010 judgment of conviction for first degree

burglary and third degree assault on the grounds that (1) the verdict was against the weight of the

evidence, (2) he was given an unfair trial because the prosecutor "tampered" with a defense witness

and Petitioner (who proceeded *pro se*) was provided with ineffective standby counsel, and (3) the

judge was biased. *See* Dkt. No. 1 at 6-11. Respondent has answered the petition, and filed the

relevant state court records. *See* Dkt. No. 13, Respondent's Memorandum of Law; Dkt. No. 14, Answer; Dkt. No. 16, State Court Records. For the following reasons, the petition is dismissed.

## II. RELEVANT BACKGROUND

### A. State Court Proceedings

A jury trial was held on February 9-10, 2009, where Petitioner represented himself with assigned standby counsel present. Dkt. No. 16-10 at 283-495. During the trial, the victim testified that on October 20, 2007, Petitioner repeatedly called her asking to meet, which the victim refused to do. *See People v. Dove*, 89 A.D. 3d 1153, 1153 (3d Dep't 2011). The victim also testified that she called 911 when, later that evening, she saw Petitioner standing outside her apartment building. *See id.* at 1154. While she was speaking with the 911 operator, she testified that Petitioner suddenly emerged from her front bedroom and attacked her. *See id.* The recording of the victim's 911 call was played at trial and provided corroboration of her testimony. *See id.* The victim's front door was locked, and no evidence of forced entry was found, but the victim's neighbor testified that it was possible to climb up the front porch of the victim's building to the second floor balcony, which had a door and windows opening into the front bedrooms of the victim's apartment. *Id.* The victim testified that her balcony door was not locked that day. *Id.*

The jury convicted Petitioner of first degree burglary and third degree assault. Dkt. No. 16-10 at 408-09. In papers dated April 16, 2009, Petitioner moved to set aside the verdict pursuant to New York Criminal Procedure Law ("CPL") § 330.30 on the ground that the jury was improperly instructed on intent. Dkt. No. 16-1, Motion. On July 6, 2009, the trial court denied the motion. Dkt. No. 16-2, Decision and Order, Smith, J.

On January 10, 2010, Petitioner was sentenced, as a persistent violent felony offender, to a

2

term of twenty years to life for burglary and a concurrent one-year term for assault.  Dkt. No. 16-10 at 25, 580.[1]  *Id.*

On appeal, Petitioner's counsel argued that there was no credible evidence presented at trial to establish that Petitioner was in the victim's apartment without her permission.  Pet.'s Appellate Br. 3, Dkt. No. 16-3 at 7.  Petitioner's "sole contention" was that "the conviction of burglary in the first degree [was] against the weight of the evidence."  *People v. Dove*, 89 A.D.3d 1153, 1153 (3d Dep't 2011).  The Appellate Division affirmed, holding that the jury could conclude from the evidence presented that Petitioner entered the victim's apartment without her permission and assaulted her.  *Id.* at 1154.  The Appellate Division also concluded that "while a different verdict would not have been unreasonable, viewing the foregoing evidence in a neutral light and according deference to the jury's credibility assessments, we find that the verdict convicting defendant of burglary in the first degree is supported by the weight of the evidence."  *Id.* at 1154.  The New York Court of Appeals denied Petitioner leave to appeal on March 27, 2012.  *Dove*, 18 N.Y.3d 957 (2012).  This action followed.

### III. DISCUSSION

**A.**     **Exhaustion**

The statute governing habeas corpus petitions requires the exhaustion of state court remedies prior to bringing an application for federal habeas corpus relief unless there is an "absence

---

[1] Petitioner is currently incarcerated pursuant to the judgment being challenged in this petition as well as an unrelated judgment.  The unrelated judgment, a conviction for assault in the second degree for which Petitioner is serving a concurrent prison term of twelve years to life, is the subject of another habeas petition currently pending in this district.  *See Dove v. Lee*, No. 9:12-CV-738 (FJS/CFH).

of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b); *Reed v. Duncan*, 326 Fed. Appx. 582, 583–84 (2d Cir. 2009) (citing *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) and *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994)). To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. *Id.* Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1981))). Finally, the petitioner must have used the proper procedural vehicle so that the state court may pass on the merits of the petitioner's claims. *See Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *see also Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167, *5 (N.D.N.Y. Oct. 10, 2007).

Petitioner raised his weight of the evidence claim on direct appeal, but only in state law terms. Pet.'s App. Br. at 3-5; Dkt. No. 16-3 at 7-8. Petitioner acknowledged that evidence was presented to satisfy each element of the burglary charge, but asked the appellate court to conduct an independent review of the evidence, arguing that there was a lack of credible evidence that a trespass occurred. *See id.*[2] Additionally, Petitioner did not litigate his remaining claims on direct

---

[2] It is worth noting that "weight of the evidence" claims derive from CPL § 470.15(5), which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." N.Y. Crim. Proc. Law § 470.15(5); *Bleakley*, 69 N.Y.2d 490. Since weight of the evidence claims are grounded in the state criminal procedure statute, they are not cognizable on habeas review.

(continued...)

appeal or in any other state court proceeding. Pet.'s App. Br.; Dkt. No. 16-3. Since Petitioner failed to present his weight claim in federal constitutional terms to the highest state court of New York, and he failed to raise his remaining claims in any state court, all of his claims are unexhausted. *See Daye*, 692 F.2d at 191.

## B. Procedural default

Petitioner's claims are also procedurally defaulted because there is no remaining avenue by which he could properly exhaust them. He cannot now file a direct appeal in order to exhaust the claims because a defendant is "entitled to one (and only one) appeal to the Appellate Division." *Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001). The facts that would support his claims were apparent on the state court record, and "New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal." *Aparicio*, 269 F.3d at 91 (citing CPL § 440.10 (2)(c)); *see also Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (holding that "even if no state court had applied section 440.10(2)(c) to Clark's claim, the district court itself should have done so in the first instance pursuant to the exhaustion requirement for federal habeas."); *Sweet v. Bennett*, 353 F.3d 135, 140-41 (2d Cir. 2003) (applying CPL § 440.10 (2)(c) to claims raised for the first time in federal habeas petition).

Accordingly, Petitioner's claims are deemed exhausted but procedurally defaulted absent a showing of cause for the default and actual resulting prejudice, or that the denial of habeas relief

---

[2](...continued)
28 U.S.C. § 2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996).

would result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536-39 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To establish cause, a petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule. *Maples v. Thomas*, __U.S.__, 132 S. Ct. 912, 922 (2012); *Coleman v. Thompson,* 501 U.S. 722, 753 (1991). Prejudice exists if there is a "reasonable probability" that the result of the proceeding would have been different absent the alleged constitutional violation. *Stickler v. Greene*, 527 U.S. 263, 289 (1999). If a petitioner fails to establish cause, a court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (referring to the "cause-and-prejudice standard"); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

Petitioner has not alleged or established cause for failing to properly exhaust his claims in state court. To the extent that Petitioner may be attempting to argue that appellate counsel was ineffective for not properly raising his claim that the trial judge was biased against him on direct appeal, *see* Dkt. No. 1 at 10 ("My lawyer didn't bring it up on appeals?"), that claim is not pleaded as a ground for habeas relief, and is also unexhausted because there is nothing in the record to indicate he presented it to the state courts in a state *coram nobis* petition. *Sweet*, 353 F.3d at 42 n.7 (stating that the petitioner could not use a claim that appellate counsel was ineffective as cause to excuse a procedural default because he did not bring a claim in state court that appellate counsel was ineffective); *Garcia v. Scully*, 907 F. Supp. 700, 706-707 (S.D.N.Y. 1995) ("The only procedure in New York [for presenting a claim of appellate counsel ineffectiveness] is an application for a writ of error coram nobis to the Appellate Division department that affirmed the conviction."); *People v. Bachert*, 69 N.Y.2d 593, 598-99 (1987) (holding that appellate counsel

ineffectiveness claims must be raised in writ of error *coram nobis*). Thus, any claim that appellate counsel was ineffective may not serve as cause to excuse a procedural default. *See Edwards v. Carpenter*, 529 U.S.446, 451-52 (2000) (holding that a claim of ineffective assistance of counsel must be "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default") (quoting *Murray,* 477 U.S. at 489); *Jones v. Senkowski*, 42 Fed. Appx. 485, 487-88 (2d Cir. 2002) (finding that a claim of counsel ineffectiveness raised for the first time in a habeas petition could not constitute cause to excuse a procedural default because the claim of ineffectiveness was not presented to the state courts as an independent claim).

Petitioner also appears to argue that his claims were not presented to the state courts because he did not know how to do so. *See* Dkt. No. 1 at 12 ("I didn't know how!"). Ignorance of the law does not constitute "good cause" to excuse a procedural default. *See Washington v. James*, 996 F.2d 1442, 1447 (2d Cir. 1993) ("Ignorance or inadvertence will not constitute 'cause'"); *Moore v. New York*, 378 F. Supp. 2d 202, 207 (W.D.N.Y. 2005) (same).

Finally, Petitioner has not presented any new evidence that he is actually innocent of the crimes for which he was convicted, or that the failure to review his claim would result in a fundamental miscarriage of justice. *See House,* 547 U.S. at 536-39; *Schlup,* 513 U.S. at 327. Instead, his claims are based upon alleged errors that took place at trial – information that is not new. Dkt. No. 1 at 5-10.

Based on the foregoing, Petitioner's claims are procedurally defaulted and his petition is therefore dismissed.


## IV. CONCLUSION

**WHEREFORE**, the Court hereby

**ORDERS** that the petition, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that no certificate of appealability shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2);[3] and the Court further

**ORDERS** that the Clerk of the Court shall serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated:  May 5, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation") (citation omitted)).